# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **ZACHARY L. TOLER,** | CASE NO. 3:25 CV 2011 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **FREDERICK D. PEPPLE, et al.,** | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiff Zachary L. Toler filed this civil rights action against Auglaize County Court of Common Pleas Judge Frederick D. Pepple and Auglaize County, Ohio. (Doc. 1-2). Although not named as a defendant, the Complaint also includes claims against Auglaize County Domestic Relations Court Judge Mark E. Spees. *See id.* at 2. Plaintiff states that his action arises under 42 U.S.C. §§ 1983, 1985, and 1986. *Id.* at 3.

Plaintiff also filed an application to proceed *in forma pauperis*. (Docs. 1, 4). The Court grants Plaintiff's application. For the following reasons, however, the Court dismisses the action.

### BACKGROUND

Plaintiff's Complaint stems from two state court proceedings filed in the Auglaize County Court of Common Pleas.

In July 2025, Plaintiff filed a complaint for unjust enrichment, constructive trust, and injunctive relief against Delilah Toler in the Auglaize County Common Pleas Court, Civil Division (*Toler v. Toler*, No. 2025-CV-0114). In that case, Delilah Toler filed a forcible entry and detainer

claim against Zachary Toler, which Judge Pepple granted. A review of the Auglaize County Common Pleas Court docket indicates Plaintiff's claims for unjust enrichment, constructive trust, and injunctive relief in the civil action remain pending. *See Toler v. Toler*, No. 2025-CV-0114 (Auglaize Cnty. C.P.). Plaintiff also filed a petition for a domestic violence protection order against Delilah M. Toler in the Auglaize County Domestic Relations Court (*Toler v. Toler*, Case No. 2025-CP-0033), which was dismissed by Judge Spees.[1] *See* Docs. 1-4, 1-5.

In this federal complaint, Plaintiff objects to the state court's management of both cases. He claims the state court judges engaged in "case number manipulation." (Doc. 1-2, at 2-3). He states that when he filed the petition for a protection order, the petition received a court stamp "but suspiciously no case number was assigned"; when Judge Spees denied his motion for an explanation, a different case number was used; and when Judge Pepple denied Plaintiff's motion for an explanation in his civil action, the court also used a different case number, "proving coordinated procedural fraud" between the judges. *Id.* at 2. Additionally, Plaintiff claims Judge Spees dismissed his petition for protection order without holding a hearing; Judge Pepple denied his request for a TRO "both with and without notice"; and Judge Pepple forced Plaintiff to participate in "void proceedings." *Id.* at 3. Plaintiff claims the timing of the "dismissals, denials, and harassment correlates directly with Plaintiff's legitimate legal actions," which demonstrates witness intimidation. *Id.*

Plaintiff alleges the judges' behavior constitutes a deprivation of his rights to due process, equal protection, and access to the courts. *Id.* at 3-4. For relief, he asks the Court to enjoin Judge Pepple from conducting any hearings in either of his state court cases, declare the state court

---

1. It appears the state court petition was filed against Crystal M. Toler, but the court documents refer to the respondent as "Delilah M. Toler." *See* Docs. 1-4, 1-5.

proceedings void, and enjoin "Defendants" from taking any action to enforce, execute, or implement any orders from the "void proceedings." *Id.* at 4. Plaintiff also seeks monetary relief. *Id.*

## STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim on which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.*

A cause of action fails to state a claim on which relief may be granted where it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

<u>*Rooker-Feldman* Doctrine</u>

As an initial matter, this Court lacks subject matter jurisdiction to review, reverse, or void state court judgments. United States District Courts do not have jurisdiction to overturn state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action was unconstitutional. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Federal appellate review of state court judgments can only occur in the United States Supreme Court after the Court grants a petition for a writ of certiorari. *Id.* Under this principle, generally referred to as the *Rooker-Feldman* doctrine[2], a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his federal rights. *Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012).

The *Rooker-Feldman* doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself and seeks review and rejection of that judgment. *Id.*; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether *Rooker-Feldman* bars a claim, the Court must look to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see also Berry*, 688 F.3d at 299. If the source of the plaintiff's injury is the state court judgment itself, then the *Rooker-Feldman* doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.*; *see also Lawrence v. Welch*, 531 F.3d

---

2. The *Rooker-Feldman* doctrine is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a). *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

4

364, 368-69 (6th Cir. 2008). In conducting this inquiry, the Court also considers the plaintiff's requested relief. *Evans v. Cordray*, 424 F. App'x 537, 540-41 (6th Cir. 2011).

Here, the source of Plaintiff's alleged injury appears, in part, to be the dismissal of Plaintiff's petition seeking a protection order in Case No. 2025-CP-0033, and Plaintiff asks the Court to declare the state court proceedings void and prohibit further action by the state court judges. Pursuant to *Rooker-Feldman*, the Court lacks jurisdiction to vacate the judgment of the state court and grant Plaintiff's requested relief.

### Res Judicata

Moreover, to the extent Plaintiff is seeking to litigate the protection order for a second time in another court in the hope of obtaining a different result, this Court lacks subject matter jurisdiction to grant that relief. The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). The term "*res judicata*" literally means "a thing adjudicated," and is defined as "[a]n issue that has been definitively settled by judicial decision." *Res judicata*, Black's Law Dictionary (12th ed. 2024). When one court has already resolved the merits of a case, another court will not revisit them. *Montana*, 440 U.S. at 153; *Parklane Hosiery*, 439 U.S. at 326. The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.* Furthermore, *res judicata* bars a plaintiff from relitigating in federal court claims and issues that were previously decided by a state court. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).

Here, Plaintiff challenges the judgment of the Auglaize County Domestic Relations Court, namely the state court's dismissal of the petition for a protection order. The issues concerning the protection order were decided by the Auglaize County Domestic Relations Court. This Court cannot revisit those issues and render decisions that may conflict with the state court orders. Plaintiff is barred by *res judicata* from relitigating those issues again in federal court. Furthermore, *res judicata* bars Plaintiff from litigating issues that should have been raised in state court, including his purported claims of conspiracy.

<u>Failure to State a Claim</u>

To the extent the Court has jurisdiction over Plaintiff's claims, he fails to state a claim for relief against Judge Pepple, Judge Spees, or Auglaize County.

First, Section 1983 does not permit a plaintiff to sue a local government entity on the theory of *respondeat superior*. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978). A plaintiff may only hold a local government entity liable under Section 1983 for the entity's own wrongdoing. *Id.* A local government entity violates Section 1983 when its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Id.* at 694. To state a claim for relief against a municipality under Section 1983, Plaintiff must: "(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363 (6th Cir. 1993)). Here, Plaintiff does not allege the existence of any policy or custom of Auglaize County concerning the claimed constitutional violations or that any County custom or policy caused his purported injuries. Plaintiff therefore fails to state a claim against Auglaize County.

Second, Judge Pepple and Judge Spees (to the extent the Court can construe Judge Spees as a defendant), are immune from suit. It is well established that judicial officers are generally entitled to absolute immunity from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only when (1) the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which the judge presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A judge will not be deprived of immunity even if the action at issue was performed in error, maliciously, or in excess of his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984) (merely acting in excess of authority does not preclude immunity).

Here, there is no suggestion in Plaintiff's Complaint that Judges Pepple and Spees were acting in any capacity other than that of judicial officers when the conduct alleged in the Complaint occurred. Nor is there any suggestion the judges' actions were taken in complete absence of all subject matter jurisdiction of the courts over which they preside. Judge Pepple and Judge Spees are therefore immune from suit.

Finally, to the extent Plaintiff alleges a claim under 42 U.S.C. §§ 1985 and 1986, he also fails to state a claim for relief. To state a claim under Section 1985, Plaintiff must allege Defendants conspired together for the purpose of depriving him of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial or other class-based discriminatory animosity. *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999).

7

Factual allegations in support of a conspiracy claim "must be pled with some degree of specificity" and cannot be vague or conclusory. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987). Section 1986 imposes liability on anyone who has knowledge of a conspiracy under Section 1985 and the power to prevent the commission of that conspiracy yet neglects or refuses to do so. *See, e.g., Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005). Where a plaintiff has failed to state a claim under Section 1985, "no cause of action exists under § 1986." *Braley v. City of Pontiac*, 906 F.2d 220, 227 (6th Cir. 1990).

Here, Plaintiff merely states this action arises under Sections 1985 and 1986, and summarily concludes Defendants' actions constitute "evidence of coordinated institutional corruption." *See* Doc. 1-2, at 3. Plaintiff does not allege any facts plausibly suggesting Defendants' alleged conduct was motivated by race or membership in a protected class. Plaintiff therefore fails to state a claim for relief under Sections 1985 and 1986.

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's application to proceed *in forma pauperis* (Docs. 1, 4) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that this action be, and the same hereby is, hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B); and the Court

FURTHER CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: January 12, 2026

8